NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RIGOBERTO GODOY-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    17-70236

Agency No. A200-691-021

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted and Submission Deferred June 4, 2020**
Resubmitted June 8, 2021
Pasadena, California

Before:  LIPEZ,*** RAWLINSON, and N.R. SMITH, Circuit Judges.

Rigoberto Godoy-Rodriguez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA" or "the Board")

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

finding him removable and ineligible for cancellation of removal and concluding that he was afforded a full and fair hearing by the Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252. We reject Godoy-Rodriguez's claims regarding his admission to the United States and due process violations at his hearing, but we find that the Board erred in its application of the cancellation of removal continuous presence requirement. Thus, we remand for further proceedings to determine Godoy-Rodriguez's eligibility for cancellation of removal.

1. Substantial evidence supports the Board's conclusion that Godoy-Rodriguez did not testify credibly or provide reliable documentary evidence about his time, place, and manner of entry into the United States. Thus, because he failed to establish by clear and convincing evidence that he was "present in the United States pursuant to a prior admission," *see* 8 U.S.C. § 1229a(c)(2)(B), the BIA did not err in concluding that Godoy-Rodriguez is removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

2. Godoy-Rodriguez was not denied due process. Over the course of several years, the IJ provided him a "full and fair hearing," *see Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), including a "reasonable opportunity . . . to present evidence on [his] own behalf," *see* 8 U.S.C. § 1229a(b)(4)(B). The IJ acted within her statutory authority and did not abandon her role as an impartial factfinder when she questioned Godoy-Rodriguez. *See* 8 U.S.C. § 1229a(b)(1).

3. The Board erred when it concluded that Godoy-Rodriguez failed to establish his continuous physical presence in the United States for at least ten years. thereby making him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). The Board found that Godoy-Rodriguez's receipt of a Notice to Appear ("NTA") on May 24, 2010, triggered the stop-time rule for purposes of cancellation of removal, see 8 U.S.C. § 1229b(d)(1), and that he therefore needed to establish his presence in the United States for at least ten years prior to that date to establish his eligibility for cancellation of removal. The NTA was deficient under <u>Pereira</u> v. <u>Sessions</u>, 138 S. Ct. 2105 (2018), which the Supreme Court decided after Godoy-Rodriguez filed this appeal. On June 8, 2010, Godoy-Rodriguez received a Notice of Hearing containing the time-of-hearing information missing from his NTA. The Supreme Court recently held that such a Notice of Hearing does not cure the deficiency and thus does not trigger the stop-time rule either. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480 (2021) ("To trigger the stop-time rule, the government must serve 'a' notice containing all the information Congress has specified. To an ordinary reader—both in 1996 and today—'a' notice would seem to suggest just that: 'a' single document containing the required information, not a mishmash of pieces with some assembly required.").

4. As the parties agree, *Niz-Chavez* renders the Board's conclusion that Godoy-Rodriguez failed to prove ten years of continuous physical presence invalid.

17-70236

The record indicates that Godoy-Rodriguez has been continuously present in the United States for at least ten years during the pendency of his removal proceedings. Thus, he has met the continuous presence requirement. We remand the case for the agency to determine whether Godoy-Rodriguez has satisfied the remaining eligibility requirements for cancellation of removal. The parties shall bear their own costs on appeal.

**PETITION DENIED in part, GRANTED in part, and REMANDED.**

17-70236